UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC. et al.,<br>Plaintiffs,<br>v.<br>DOES 1-20 et al.,<br>Defendants. | CASE NO. 2:26-cv-01276-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ALTERNATIVE SERVICE |

This matter comes before the Court on Plaintiffs' *ex parte* motion for alternative service. Dkt. No. 11. For the following reasons, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

On April 14, 2026, Amazon.com, Inc., Amazon.com Services LLC, and Amazon Technologies, Inc. (collectively, "Amazon") filed a complaint against an "international fraud organization" known as "RBK" whose members allegedly run a refund fraud scheme on Amazon's marketplaces. Dkt. No. 1 at 2–3. Amazon named two categories of defendants: "(1) Dias Temirbekul Zhumaniyaz and currently unknown parties who operate RBK, a refund fraud service provider" and "(2) known individuals who engaged with RBK's fraud service to obtain refunds

for products," namely, Michael Bauschelt and Adnan Islam. *Id.* at 3–4. As to all defendants, Amazon lists five causes of action: (1) civil conspiracy; (2) fraudulent misrepresentation; (3) negligent misrepresentation; (4) conversion; and (5) unjust enrichment, or in the alternative, breach of contract. *Id.* at 23–30. As to the first group of defendants, Amazon lists two more causes of action: (1) trademark infringement in violation of 15 U.S.C. § 1114 and (2) false designation of origin, sponsorship, approval, or association, and false advertising in violation of 15 U.S.C. § 1125(a). *Id.* at 30–34. Amazon seeks injunctive relief, an order requiring Defendants to provide an accounting of all amounts earned in connection with the alleged scheme, disgorgement of profits, damages, costs and attorneys' fees, and restitution. *Id.* at 34–36.

On July 15, 2026, Amazon moved pursuant to Federal Rule of Procedure 4(e)(1) for an order granting it leave to effectuate service of process on defendants Michael Bauschelt and Adnan Islam via email. Dkt. No. 11 at 2.

## II. DISCUSSION

Amazon avers that it attempted to serve Bauschelt at the California address associated with his Amazon account that allegedly was used to place an order for which he received a fraudulent refund, but its service processor discovered a "For Sale" sign posted in the front yard, and a neighbor informed the service processor that the prior resident of the address had moved. *Id.* at 2–3. The service processor then performed a skip trace for Bauschelt and found two additional addresses, but was unable to effectuate service at either address despite several attempts. *Id.* at 3. Similarly, Amazon attempted to serve Islam at the New York address associated with his Amazon account, but was unable to effectuate service at that address or at two other addresses discovered through a skip trace. *Id.* at 3–4.

Using a service that "confirms whether an email is received and provides a read receipt," Amazon's counsel sent "test" emails to the email addresses associated with Bauschelt's and

Islam's Amazon accounts. Dkt. No. 12 at 2. For Bauschelt's email address, Amazon's counsel received confirmation that the test "email was delivered . . . and opened." *Id.* For Islam's email address, Amazon's counsel received confirmation that the test "email was delivered" but not that it was opened. *Id.*

Amazon seeks an order "permitting service of process on Bauschelt and Islam via email to the addresses . . . which Bauschelt and Islam provided to Amazon" and to which Amazon's counsel sent the above-described test emails. Dkt. No. 11 at 4.

**A. Legal Standards**

A federal court lacks jurisdiction over a defendant unless they have been properly served in accordance with Federal Rule of Civil Procedure 4. *Direct Mails Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Service must comport with due process, but "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). "In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Id.* at 1017. Rule 4(e)(1) allows service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"

Three states' laws are potentially relevant here: Washington (the "state where the district court is located"), California, and New York (the states "where service is made"). California and New York permit email service, while Washington does not. "In Washington, alternative service is allowed . . . in certain instances but never by e-mail." *Zhu v. Wang*, No. C23-1395-JCC, 2026 WL 767038, at *1 (W.D. Wash. Mar. 18, 2026) (citing *Morris v. Est. of Morris*, 2025 WL 3159430, at *3 (Wash. Ct. App. Nov. 12, 2025)); *see* Wash. Rev. Code §§ 4.28.080, -.100; *see also Matter*

*of Marriage of Jayagaran*, 2020 WL 6869990, at *2 (Wash. Ct. App. Nov. 23, 2020) ("The statute does not provide for service by e-mail."). Under California law, "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons . . . the court . . . may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail[.]" Cal. Civ. Proc. Code § 413.30(a)(1). "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Chopra v. Airbnb, Inc.*, No. 25-CV-04416-JST, 2026 WL 1590115, at *3 (N.D. Cal. June 3, 2026) (quoting *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391–92 (Cal. Ct. App. 1992)). Likewise, under New York law, service on a person is allowed "in such manner as the court, upon motion without notice, directs, if service is impracticable" via specific allowed methods. N.Y.C.P.L.R. § 308(5). "New York courts have approved service by email and other alternative methods when the ordinary statutory methods are impracticable and the proposed method is reasonably calculated to provide notice." *Hamilton v. Foster*, 2026 WL 2880313, at *3 (N.Y. Sup. Ct. Sept. 8, 2026) (collecting cases). New York courts "have found a showing of impracticability, and have authorized alternative service, where the defendant could not be located by means of a diligent search." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016). In sum, both California and New York law require that a plaintiff make reasonably diligent efforts to effect personal service on an individual defendant, and if that proves unsuccessful or impracticable, the plaintiff may seek to effect service via email.

**B. Amazon May Serve Bauschelt via Email, but Not Islam**

1. <u>Bauschelt</u>

Amazon unsuccessfully attempted to serve Bauschelt first at the California address associated with the "Amazon account [he] used to place the order for which he received a

fraudulent refund," and then at two other California addresses located via skip trace; in total, it attempted service 17 times. Dkt. No. 11 at 2–3. These attempts constitute "reasonable diligence" to effect personal service on Beuschelt. Cal. Civ. Proc. Code § 413.30(a)(1); *see Chopra*, 2026 WL 1590115, at *3–4.

Amazon sent Bauschelt a "test" email using a service "that confirms whether an email is received and provides a read receipt" and confirmed that "the email was delivered . . . and opened." Dkt. No. 12 at 2. The email address is associated with the "Amazon account Bauschelt used to place the order for which he received a fraudulent refund." Dkt. No. 11 at 2. Courts have permitted service to California-based defendants via email where the email addresses are associated with a specifically-identified Amazon account and test emails confirm that the email addresses are in use. *See, e.g., Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023) ("[T]he due process requirement for alternative service by email is satisfied when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages."); *Amazon.com, Inc. v. Sayer Dent Inc.*, No. C25-2366-LK, 2026 WL 2321419, at *5 (W.D. Wash. Aug. 11, 2026) (same, collecting cases); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012). Because Amazon has shown that Bauschelt received and opened the test email sent to the email address associated with his Amazon account, the Court concludes that service to that email address is "reasonably calculated to provide notice and an opportunity to respond." *Rio Properties*, 284 F.3d at 1017. The Court therefore grants the motion for alternative service as to Bauschelt.

2. Islam

Amazon unsuccessfully attempted to serve Islam twice at the New York address associated with "the Amazon account Islam used to place the order for which he received a fraudulent refund" and at two other New York addresses located via skip trace. Dkt. No. 11 at 3–4. These attempts

demonstrate that personal service is "impracticable," N.Y.C.P.L.R. § 308(5), because the "defendant could not be located by means of a diligent search." *Ferrarese*, 164 F. Supp. 3d at 365; *see also, e.g., E.L.V.H. Inc. v. Bennett*, No. 218CV00710ODWPLA, 2018 WL 6131947, at *2 (C.D. Cal. May 2, 2018) (same); *Miller v. Naithani*, No. 25-CV-08384 (JAV), 2026 WL 1175032, at *2 (S.D.N.Y. Apr. 30, 2026) ("Plaintiffs have made a number of failed attempts to effect personal service at residences associated with the Defendant, and have exercised diligence in their search for an alternate residence where Defendant might be served, including by retaining an investigative service.").

Amazon also sent Islam a test email—but the test indicates only that the email was delivered to Islam, not that it was opened. Dkt. No. 12 at 2; *compare* Dkt. No. 12-1 at 2 (read receipt showing Bauschelt opened the test email) *with* Dkt. No. 12-2 at 2 (receipt authentication indicating that email was sent to Islam's email but not opened). Amazon indicates that the "Amazon account Islam used to place the order for which he received a fraudulent refund" is associated with this email address, Dkt. No. 11 at 3, but otherwise provides no evidence that Islam regularly uses the email address. This situation is thus unlike the cases Amazon cites, Dkt. No. 11 at 7, all of which involved stronger indicia that the defendant actually used the email address proposed to be used for service. *See E.L.V.H.*, 2018 WL 6131947, at *2 ("Here, [Defendant] runs an internet-based business and has used email on numerous occasions to correspond with Plaintiffs' counsel."); *Metromedia Co. v. Cowan*, No. 13 CIV. 03787 LGS, 2013 WL 4780039, at *2 (S.D.N.Y. June 24, 2013) ("Defendants' emails to Plaintiff and the Court confirm that Defendant is receiving information by email."); *Miller v. Naithani*, No. 25-CV-08384 (JAV), 2026 WL 1175032, at *2 (S.D.N.Y. Apr. 30, 2026) ("Plaintiffs attached multiple exhibits showing Defendant engaged in extensive email communications with Plaintiffs and Plaintiffs' counsel."). In the absence of additional information demonstrating that email service is "reasonably calculated

to provide [Islam] with notice of future filings in this case," the Court cannot conclude that service via email to Islam comports with due process requirements. *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013); *see id.* ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); *see also Ferrarese*, 164 F. Supp. 3d at 367–68 (finding that "petitioner's proposed method of service by email and Facebook alone are not reasonably calculated to provide notice of the action to defendant" because "petitioner has provided little evidence that the defendant uses the email address . . . or that the Facebook page . . . is actually maintained by the defendant" and requiring service by certified mail because "it is clear that petitioner has had success in reaching the defendant by mailing papers to the defendant's last known address"); *Qaza v. Alshalabi*, 43 N.Y.S.3d 713, 716 (N.Y. Sup. Ct. 2016) (denying application to serve by Facebook message where movant failed to show that defendant "actually use[d] this Facebook page for communicating"). The Court therefore denies the motion for alternative service as to Islam.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Amazon's motion for alternative service. Dkt. No. 11. The motion is granted as to Bauschelt: Amazon is authorized to serve Bauschelt via email at blackopps.michael@gmail.com. The motion is denied without prejudice as to Islam.

Dated this 6th day of October, 2026.

Lauren King
United States District Judge